UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 5:23-cr-00126

JERROD LEE SHARP,

**MEMORANDUM OPINION AND ORDER**

Pending are Defendant Jerrod Lee Sharp's Objections to Magistrate Judge Aboulhosn's Proposed Findings and Recommendations [ECF 44], filed October 24, 2023.

**I.**

On August 1, 2023, a three-count Indictment [ECF 12] was returned against Mr. Sharp charging him with two counts of attempted enticement of a minor in violation of 18 U.S.C. § 2422(b) and one count of attempted travel in interstate commerce for the purpose of engaging in illicit sexual activity in violation of 18 U.S.C. §§ 2423(b) and 2423(e). Specifically, Counts One and Two of the Indictment charge from on or about August 18, 2022, through on or about July 30, 2022, Mr. Sharp used cellular networks and the Internet to knowingly attempt to persuade, induce, entice, and coerce two minors who had not attained the age of eighteen to engage in sexual activity. Count Three charges on or about July 30, 2023, Mr. Sharp traveled from at or near Ponca City, Oklahoma to at or near Charleston, West Virginia, for the purpose of engaging in illicit sexual conduct and attempted to do so.

On October 10, 2023, Mr. Sharp moved to dismiss [ECF 31] the Indictment pursuant to the Fifth Amendment of the Constitution and *Federal Rule of Criminal Procedure*

12(b)(3). Mr. Sharp "contends that numerous actions undertaken by members of the West Virginia Internet Crimes [A]gainst Children's Task Force ("ICAC") during the course of a longstanding undercover operation should be considered as rising to the level of outrageous government conduct" warranting dismissal of the Indictment. [ECF 31 at 1]. Mr. Sharp's Motion was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R").

On October 19, 2023, after conducting a hearing on the Motion, Magistrate Judge Aboulhosn filed his PF&R and recommended that the Court deny Mr. Sharp's Motion to Dismiss. [ECF 42]. Magistrate Judge Aboulhosn found Mr. Sharp had failed to adduce evidence "that the United States, through its undercover law enforcement agent, had any idea that when creating the profile on the fetish website that [Mr. Sharp] would respond to it." [*Id.* at 5]. Simply stated, Magistrate Judge Aboulhosn found "there was no evidence that the United States or its agent knew of [Mr. Sharp's] interest in this website, or his proclivities toward the purported minors when the [fictitious] profile was created [by law enforcement] on the website." [*Id.*]. Magistrate Judge Aboulhosn further found the Government's actions were "akin to 'placing an advertisement' in a child porn sting operation," which our Court of Appeals "has long held to be 'far from outrageous by constitutional standards'" and thus concluded dismissal of the Indictment was unwarranted on this basis. [*Id.* (quoting *United States v. Osborne*, 935 F.2d 32, 36 (4th Cir. 1991)]. On October 24, 2023, Mr. Sharp timely objected [ECF 44] to the PF&R.

**II.**

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not, however, conduct de novo review when a party "makes general

2

and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Mr. Sharp objects to the Magistrate Judge's "finding that law enforcement's creation of a fictitious profile on Fetlife.com was not outrageous government conduct for the reason that law enforcement was not aware of [his] presence on that social media forum." [*Id.* at 2]. Mr. Sharp maintains "that if law enforcement was just placing an advertisement for a sting operation, law enforcement would not have blatantly violated the Fetlife.com terms of service by creating the profile utilized by the undercover officer." [*Id.*]. Mr. Sharps reiterates that such conduct, "coupled with the over-reaching inducement from the undercover officer in June 2023, warrants a finding of outrageous government conduct." [*Id.*].

As explained by the Magistrate Judge, for governmental action to be "so outrageous as to offend due process[,] the conduct must be shocking, or offensive to the traditional notions of fundamental fairness." *United States v. Hasan*, 718 F.3d 338, 343 (4th Cir. 2013) (internal quotations omitted). "Government conduct is not outrageous simply because it may be somewhat offensive." *Osborne*, 935 F.2d at 36. Our Court of Appeals has emphasized "that 'outrageous' is not a label properly applied to conduct just because it is a sting operation." *Id.* at 37.

The Court agrees with the Magistrate Judge's conclusion that the Government's conduct does not rise to the level of outrageousness. Even assuming the Government violated the website's terms of service by creating the undercover profile utilized to furnish individuals with an opportunity to engage in illegal conduct, such violation does not transcend the traditional notions of fundamental fairness so as to render the sting operation shocking or offensive. *See, e.g.*, *Hasan*, 718 F.3d at 343 ("If the police engage in illegal activity in concert with a defendant beyond the scope of their duties the remedy lies, not in freeing the equally culpable defendant, but in

3

prosecuting the police under the applicable provisions of state or federal law.") (quoting *Hampton v. United States*, 425 U.S. 484, 489 (1976)). Mr. Sharp's objection on this point is thus unavailing.

Furthermore, the Court notes Mr. Sharp appears to raise the issue of entrapment within his objections. Indeed, he asserts that the undercover officer's suggestion that the fictitious minors "would be emotionally harmed" if he failed to travel to West Virginia "unfairly swayed [him] into complying with the officer's desires."[1] [ECF 44 at 3]. The Magistrate Judge made clear in his PF&R that he was not making "any findings as to whether [Mr. Sharp] has demonstrated beyond a scintilla of evidence that the government induced him to commit the offenses [alleged], as this necessarily requires a finding by the District Judge as to whether to submit the issue to the jury." [ECF 42 at 6]. Nonetheless, the Magistrate Judge opined that "the evidence presented by [Mr. Sharp] at this stage of the proceedings appear to fall far from his initial burden." [*Id.*].

"Entrapment is an affirmative defense and the initial burden is on the defendant to go forward with evidence beyond a mere scintilla that the government induced him to commit an offense he was not otherwise predisposed to commit." *Osborne*, 935 F.2d at 38. "The district judge has the duty of determining whether or not the defendant has met this initial burden." *Id.* Such determination is made "at the conclusion of a trial, by evaluating whether adequate evidence has been presented to warrant an entrapment instruction." *Id.* As recognized by our Court of Appeals, pretrial resolution of an alleged entrapment issue "is seldom appropriate." *Id.* The Court thus declines to definitively decide the issue at this juncture. Mr. Sharp remains free to move for an entrapment instruction at the resolution of trial on a complete evidentiary record.

---

[1] To the extent Mr. Sharp asserts this conduct satisfies the "high shock threshold" necessary to demonstrate outrageousness, the court disagrees and declines to conclude as much on such a slender reed. *Hasan*, 718 F.3d at 343.

## III.

Based on the foregoing discussion, the Court **OVERRULES** Mr. Sharp's objections [**ECF 44**]; **ADOPTS** the Magistrate Judge's PF&R [**ECF 42**]; and **DENIES** Mr. Sharp's Motion to Dismiss Indictment [**ECF 31**].

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: November 27, 2023



Frank W. Volk
United States District Judge