UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 5:23-cr-00126

JERROD LEE SHARP

**MEMORANDUM OPINION AND ORDER**

Pending is the Government's Motion to Continue Trial [ECF 70], filed December 29, 2023.

**I.**

"The Speedy Trial Act requires that a criminal defendant's trial 'commence within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.'" *United States v. Pair*, 84 F.4th 577, 582 (4th Cir. 2023) (citing 18 U.S.C. § 3161(c)(1)). "[T]he Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497 (2006); *Pair*, 84 F.4th at 582.

Section 3161(h) provides periods of delay excludible in computing the time within which trial must commence. "Section 3161(h)(1) excludes '[a]ny period of delay resulting from other proceedings concerning the defendant.'" *Pair*, 84 F.4th at 583. Relevant here, Section 3161(h)(7)(A) sets forth a residual, "ends of justice" delay exclusion providing as follows:

> (A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the

attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

(C) No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.

18 U.S.C. § 3161(h)(7)(A).

The Court may grant an ends-of-justice continuance under § 3161(h)(7)(A) when the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. "Consent of the defendant is not listed among the several factors that a court should consider in granting an ends-of-justice continuance." *Pair*, 84 F.4th at 586.

**II.**

Trial in this matter is currently set for January 9, 2024. On December 29, 2023, the Defendant Jarrod Lee Sharp submitted his proposed jury instructions demonstrating his intent to seek an entrapment instruction at trial. [*See* ECF 66 at 17]. That same date, the Government filed the instant Motion requesting a thirty-day continuance of trial pursuant to § 3161(h)(7)(A) inasmuch as Assistant United States Attorney Jennifer Rada Herrald is scheduled to argue *United States of America v. Makel Elboghdady*, S.D.W.V. Case No. 3:20-cr-00069, *appeal docketed,* No. 22-4194 (4th Cir. March 30, 2022) before our Court of Appeals on January 24, 2024. That case involves the same undercover operation utilized in Mr. Sharp's case and the question of whether the district court erred in denying the defendant's request for an entrapment instruction.

The Government contends a thirty-day continuance to allow for oral argument in *Elboghdady* to take place will (1) "provide the Court and the parties insight as to the appellate court's position on entrapment related to a nearly identical undercover operation," (2) "provide valuable information to the [Government] regarding whether opposition a motion for an entrapment jury instruction remains a reasonable choice," and (3) "help to reduce the risk that a denial of an entrapment instruction would result in reversible error and retrial." [ECF 70 at 3]. Simply put, the Government maintains "that, pursuant to § 3161(h)(7)(A), the ends of justice served by a brief continuance of trial to allow for the oral argument in *Elboghdady* to take place

3

outweigh the interest of the parties and the public in a speedy trial." [*Id.*]. The Government certifies that the reason for the request does not include congestion of the Court's calendar or lack of diligent preparation on the part of the parties involved.

In his one-page response, Mr. Sharp opposes the continuance request and asserts the Government has failed to provide the Court with a valid reason to continue trial. [ECF 73]. Mr. Sharp notes that while oral argument in *Elboghdady* is scheduled for January 24, 2024, the Government's perspective on the entrapment issue will likely remain unchanged until a written decision is issued, which could take several months. [*See id.*]. Mr. Sharp "further notes his objection to the proposed continuance of the January 9, 2024, trial date in order to preserve his speedy trial rights under 18 U.S.C. 3161(c)(1) and to prevent the Government from seeking any additional superseding indictments." [*Id.*].

**III.**

As to Mr. Sharp's contention that it could take months for a decision to be issued in *Elboghdady*, the Government is not seeking to continue trial until a decision is reached. Rather, the Government is merely requesting a brief, thirty-day continuance to allow oral argument, and any insights to be gleaned therefrom, to take place. As in another criminal case currently pending before the undersigned in which the Court recently granted a brief continuance of trial, the undercover operation utilized in Mr. Sharp's case is identical to the operation at issue in *Elboghdady*. It is also evident from Mr. Sharp's proposed jury instructions that entrapment is a central component of his defense. Given the centrality of an entrapment defense for Mr. Sharp -- and the likelihood that the appellate argument session may well provide insight into the panel's direction -- a continuance until after the oral arguments in *Elboghdady* will aid both the Court and the parties on the entrapment issue. It may also avoid a potential miscarriage of justice resulting

4

from error -- and potentially a retrial -- that might result from lacking the insights gained from argument.

Based on the foregoing, the Court **FINDS** the ends of justice are best served under 18 U.S.C. § 3161(h)(7)(A) by briefly continuing trial until after oral arguments in *Elboghdady* and that such outweigh the best interest of the public and Mr. Sharp in a speedy trial. Accordingly, for good cause shown, the Court **GRANTS** the Government's Motion [**ECF 70**]. The trial, previously scheduled for January 9, 2024, is **CONTINUED** to **February 6, 2024,** at **9:00 a.m.**

The Court **FINDS** that the time between **January 9, 2024**, and **February 6, 2024**, is excludable from the computation of time within which trial must commence pursuant to 18 U.S.C. § 3161(h)(7)(A).

The Clerk is to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:  January 2, 2024



Frank W. Volk
United States District Judge

5