UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.                                                                  CRIMINAL ACTION NO. 5:23-cr-00126

JERROD LEE SHARP.

**MEMORANDUM OPINION AND ORDER**

Pending are Defendant Jerrod Lee Sharp's Objections [ECF 64] to Magistrate Judge Aboulhosn's Proposed Findings and Recommendations, filed December 28, 2023.

**I.**

On October 31, 2023, a four-count Superseding Indictment [ECF 45] was returned against Mr. Sharp charging him with two counts of attempted enticement of a minor in violation of 18 U.S.C. § 2422(b), with Counts I and II pertaining respectively to Minor Victim 1 and Minor Victim 2. He is additionally charged in Count III with attempted interstate travel to engage in illicit sexual activity, in violation of 18 U.S.C. §§ 2423(b) and 2423(e), and in Count IV with attempted interstate travel to engage in a sexual act with a person who had not attained the age of twelve, that is, Minor Victim 1, in violation of 18 U.S.C. § 2241(c). At issue are Counts III and IV.

Count III specifically charges, on or about July 30, 2023, Mr. Sharp traveled interstate from Oklahoma to Charleston "for the purpose of engaging in illicit sexual conduct, as defined in 18 U.S.C. § 2423(f), with another person, and attempted to do so." [ECF 46 at 3]. Count III relates to both Minor Victim 1 (age 11) and Minor Victim 2 (age 13). Count IV charges on or about July 30, 2023, Mr. Sharp "crossed a state line with intent to engage in a sexual act, as defined

in 18 U.S.C. § 2246(2), with a person who had not attained the age of 12 years, that is, Minor Victim 1, and attempted to do so." [*Id*. at 4]. Count IV relates only to Minor Victim 1. With respect to Minor Victim 1, it is undisputed that Count IV is based on the same conduct as Count III.

On December 11, 2023, Mr. Sharp moved to dismiss [ECF 58] Count IV of the Superseding Indictment pursuant to the Fifth Amendment and *Federal Rule of Criminal Procedure* 12(b)(3). He contends Count IV is multiplicitous to Count III and violates his right against Double Jeopardy. The Motion was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R").

On December 20, 2023, Magistrate Judge Aboulhosn recommended the Court deny the Motion. [ECF 63]. Magistrate Judge Aboulhosn recognized the Government's concession that, upon conviction of Counts III and IV as to Minor Victim 1, Mr. Sharp "could not be sentenced as to both offenses as that would be violative of the Double Jeopardy Clause." [ECF 63 at 4]. Magistrate Judge Aboulhosn concluded, however, that "the remedy . . . is . . . a special verdict form" rather than dismissal of Count IV. On December 28, 2023, Mr. Sharp timely objected [ECF 64] to the PF&R.

**II.**

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not, however, conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Mr. Sharp first objects to the Magistrate Judge's "finding that the Government can avoid violating [his] right against Double Jeopardy by proceeding with a Special Verdict form"

2

inasmuch as (1) "a motion to dismiss a multiplicitous indictment is properly brought as a pretrial motion pursuant to Federal Rule of Criminal Procedure 12(b)(3)(b)(ii)," and (2) "having both Counts [III] and [IV] submitted to the jury as to Minor Victim 1 violates his right against Double Jeopardy, as [both Counts] share the same elements." [ECF 64 at 2, 3]. Mr. Sharp also objects to the Magistrate Judge's conclusion "that Double Jeopardy attaches only upon conviction" given that "[m]ultiplicity 'poses the threat of multiple sentences for the same offense and may improperly suggest to the jury that the defendant has committed more than one crime.'" [*Id.* at 2 (quoting *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997) (quoting *United States v. Morehead*, 959 F.2d 1489, 1505 (10th Cir. 1992))].

"The constitutional guaranty established by 'the Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense.'" *United States v. Martin*, 523 F.3d 281, 290 (4th Cir. 2008) (quoting *United States v. Halper*, 490 U.S. 435, 440 (1989)). "In the multiple punishments context, the interest protected by the Double Jeopardy Clause is limited to ensuring that the total punishment [does] not exceed that authorized by the legislature." *Id.* (cleaned up) (internal citations and quotations omitted). "Thus, the guarantee against multiple punishments serves simply to ensure that the defendant's sentence is authorized by Congress." *Id.*; *see also United States v. Shrader*, 675 F.3d 300, 313 (4th Cir. 2012) (internal quotations omitted) ("The rule against multiplicity is rooted in the Double Jeopardy Clause of the Fifth Amendment, which serves . . . the familiar function of prohibiting . . . the imposition of cumulative punishments for the same offense in a single criminal trial."). As recognized by the Sixth Circuit, despite Congress's obvious awareness "of the interplay between 18 U.S.C. § 2423(b) and § 2241(c) . . . examination of the statutory text does not reveal a

3

congressional intent to multiply the punishments when a single act violates both statutes." *United States v. DeCarlo*, 434 F.3d 447, 455 (6th Cir. 2006).

Mr. Sharp is correct that a motion to dismiss on multiplicity grounds is properly brought via pretrial motion pursuant to Rule 12(b)(3)(b)(ii). Nonetheless, our Court of Appeals has recognized "the principal danger created by multiplicity is that a defendant will receive multiple *punishments* for a single offense." *United States v. Colton*, 231 F.3d 890, 910 (4th Cir. 2000) (emphasis added) (citing 1A Charles Alan Wright, Federal Practice and Procedure 154, at 87, (3d ed. 1999)). Our Court of Appeals has explicitly rejected the assertion that submitting multiplicitous counts to the jury is *per se* violative of the Double Jeopardy Clause where the same evidence is necessary to prove the multiplicitous counts at trial. *See Colton*, 231 F.3d at 910 (rejecting defendant's contention that submission of multiplicitous counts to the jury was prejudicial because "exactly the same evidence was offered to prove all four [multiplicitous] counts. Thus, the jury would have learned of the same evidence even if only a single charge had been brought."); *United States v. Nielsen*, 640 Fed. App'x 224, 232 (4th Cir. 2016) ("Because the same evidence was used to prove the [multiplicitous offenses], [the defendant] . . . suffered no cognizable prejudice from the jury's consideration of the multiplicitous counts.").

Any trial evidence offered by the Government respecting Minor Victim 1 on Count III and Count IV will necessarily be the same. Additionally, a special verdict form will permit the Court to determine whether the jury ultimately convicts Mr. Sharp under both Counts III and IV with respect to Minor Victim 1. Should Mr. Sharp be convicted of both counts as to Minor Victim 1, any Double Jeopardy violation arising therefrom is easily cured. *See United States v. Lewis*, No. 7:14-CR-88-FL-3, 2015 WL 1526627, at *5 (E.D.N.C. Apr. 3, 2015) (citing *Ball v. United States*, 470 U.S. 856, 865 (1985) ("A post-trial remedy by the court, such as vacating or merging the

4

convictions, adequately addresses any multiplicitous issue and preserves the freedom of prosecutors to seek multiplicitous indictments when instituting prosecutions.")); *see also United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993) (holding that in the context of post-conviction challenges to an indictment on multiplicity grounds, the appropriate remedy is to vacate only offending convictions); *United States v. Deloach*, 208 F.3d 210, 2000 WL 274972, at *2 (4th Cir. Mar. 14, 2000) (rejecting defendant's contention that "the district court erred by denying his pretrial motion requiring the Government to elect between multiplicitous counts" and explaining that "the multiplicity problem . . . was remedied when the court dismissed the multiplicitous counts at sentencing.")

### III.

Based on the foregoing discussion, the Court **OVERRULES** Mr. Sharp's objections [**ECF 64**]; **ADOPTS** the Magistrate Judge's PF&R [**ECF 63**]; and **DENIES** Mr. Sharp's Motion to Dismiss Indictment [**ECF 58**].

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: January 16, 2024



Frank W. Volk
United States District Judge