IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 5:23-cr-00126

JERROD LEE SHARP

ORDER

Pending before the court are the United States' Motion to Seal or Limit Access to Exhibits, [ECF No. 100], and Defendant Jerrod Lee Sharp's Motion to Strike Government's Sentencing Exhibits from the Record, [ECF No. 104]. I will dispose of these motions together.

On February 6, 2024, Mr. Sharp pleaded guilty to attempted enticement of a minor female, in violation of 18 U.S.C. § 2422(b). [ECF No. 92]. The court subsequently ordered the parties to file sentencing memoranda by May 2, 2024, and directed the parties to discuss therein the 18 U.S.C. § 3553(a) factors that they deem relevant to the court's determination of an appropriate sentence. [ECF No. 94].

The United States filed its Sentencing Memorandum, [ECF No. 101], on May 2, 2024, wherein it attached five exhibits under seal, and now seeks to limit remote access to Exhibits 1–5, which are attached to the motion, [ECF No. 100], in full. In a May 3, 2024, Order, I highlighted the importance of providing the public with access

to documents filed in connection with plea and sentencing hearings, and I ordered the parties to brief (1) why their interest in limiting access to these exhibits heavily outweighs the public's interest in accessing judicial records in criminal cases, and (2) why the alternative of redaction is neither available nor appropriate in the present circumstances. [ECF No. 102, at 2–3].

Defendant filed his Response to my May 3, 2024, Order, [ECF No. 105], and simultaneously filed a Motion to Strike the Government's Sentencing Exhibits from the Record, [ECF No. 104]. First, Defendant explains that there is an interest in protecting the physical and psychological well-being of individuals and minors related to the litigation, and as such, the information contained in the Government's exhibits should be either redacted or filed under seal. [ECF No. 105, at 1–2]. In support of his motion to strike, Defendant also states that the Government has unnecessarily "dump[ed] the entire investigative file" into the public record as attachments to its sentencing memorandum. [ECF No. 104, at 2].

The United States has responded to both my Order and Defendant's Motion to Strike. In its response to my order, the Government asserts that the public has an interest in protecting ongoing investigations, and thus the documents should only be available at the public terminal at the Clerk's office. [ECF No. 106, at 2]. The Government further states that redaction would be "impractical" and "unduly burdensome" because it would "require a meticulous, line-by-line analysis of thousands of messages." *Id.* at 3–4. Finally, in response to Defendant's Motion to Strike, the Government highlights its right to present evidence and to inform the

2

court of all relevant facts and conduct related to the § 3553(a) factors. [ECF No. 107, at 2].

Under Federal Rule of Criminal Procedure 49.1(e)(2), the court may "limit or prohibit a nonparty's remote electronic access to a document filed with the court." Courts that have considered motions like the one before the court "have analyzed those requests similarly to requests to seal." *United States v. Cousins*, 858 F. Supp. 2d 615, 616 (E.D. Va. 2012) (collecting cases); *see United States v. Hardy*, No. 09-151, 2011 WL 1877671, at *3 (W.D. Pa. May 16, 2011) ("This Court is mindful that Defendant's argument under Rule 49.1(e) is not a motion to seal *per se*, but because the requested order would impose a dramatic restriction on access, the Court treats the order as analogous for purposes of this analysis."). "[T]he First Amendment right of access applies to documents filed in connection with plea hearings and sentencing hearings in criminal cases." *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986). There is a "common law right to inspect and copy judicial records and documents," but such right is not absolute. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The presumption of access can be rebutted "if countervailing interests *heavily outweigh* the public interests in access." *Cousins*, 858 F. Supp. 2d at 617 (emphasis in original) (quoting *Rushford v. New Yorker Mag.*, 846 F.2d 249, 253 (4th Cir. 1988)). Courts must balance these competing interests when determining whether to seal or restrict access to judicial documents. *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018).

It is the court's duty to examine all exhibits and materials submitted to it prior to sentencing to ensure that the court is imposing a fair and just sentence. Both parties agree that the Presentence Investigation Report ("PSR") completed by the Probation Office contains a detailed summary of the nature and circumstances of the criminal conduct in this case. The United States has, however, attached to its sentencing memorandum over 175 pages of exhibits containing thousands of text messages sent over an eleven-month period. Some of these messages contain explicit images or mention Defendant's family members, including minors, and his significant other. And some of the materials in the exhibits have already been presented to the court through the PSR or in other filings.[1]

The Government has provided the court with such a voluminous file of messages that it now asserts it would be unduly burdensome for it to meticulously examine the messages to redact necessary information that should not be on the public record. As it is the court's duty to consider all relevant conduct, counsel must be mindful of the burden placed upon the court when it is asked to re-examine materials that have already been presented.

I **DIRECT** the United States to re-file the exhibits attached to its sentencing memorandum containing the redactions it deems necessary, including those which would protect both the privacy interests of the minor children as well as the integrity

---

[1] For example, the United States provided a detailed discussion of Defendant's conduct in the first nine pages of its sentencing memorandum. Moreover, hundreds of pages of text messages between Defendant and the undercover officer have previously been placed on the public record twice in this case. I note that in those instances, the parties neither proposed any redactions nor moved to file such documents under seal.

of ongoing investigations. The exhibits should not contain duplicative information that has already been presented through the PSR or in the parties' sentencing memoranda. I direct the United States to re-file exhibits it deems appropriate by June 4, 2024. I **STRIKE** the previously filed Exhibits 1–5 to the Government's Sentencing Memorandum, [ECF No. 101], which are attached to the Motion, [ECF No. 100], in full. In light of my directing the Government to file redacted and non-redundant exhibits, I **DENY as moot** Defendant's Motion to Strike, [ECF No. 104]. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: May 23, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

5